THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM SOLOMON, Appellant.

First Department, October 30, 1936.

*Louis M. Weber,* for the appellant.

*Erwin N. Schapira, Deputy Assistant District Attorney* [*Felix C. Benvenga, Assistant District Attorney,* of counsel; *William Copeland Dodge, District Attorney*], for the respondent.

McAvoy, J.    The information accuses the defendant of the crime of selling liquor without a license on July 22, 1935.

The Alcoholic Beverage Control Law provides:

§ 100, subd. 1. " No person shall manufacture for sale or sell at wholesale or retail any alcoholic beverage within the State without obtaining the appropriate license therefor required by this chapter."

§ 130, subd. 1. "Any person who manufactures for sale or sells liquor, wine or beer, without having an appropriate license therefor * * * shall be guilty of a misdemeanor," etc.

The arresting officer testified that he entered the White Swan Laundry, 471 West One Hundred and Forty-fifth street, New York, N. Y., on July 22, 1935, about two-fifteen P. M., and he observed the defendant standing near a counter; that he asked the defendant for a pint of liquor, and was informed that defendant did not sell any liquor; that he took the defendant to the rear of the laundry where there was a kitchen, and he found fourteen half-gallons of whisky; that he also found six gallons of whisky in a rear bedroom; that he waited half an hour for the patrol wagon to arrive, and he observed that the place of business was actually conducted as a laundry; that he did not find any implements of any kind that, in his opinion, might be used for the manufacture of liquor.

The defendant moved to dismiss the information on the ground that there was no proof that he manufactured or sold liquor. The court denied the motion, stating that " the only question is whether he had it under circumstances indicating an intent to sell it."

The defendant thereupon took the stand and testified that his wife conducted the laundry, and that it had been conducted as such since its purchase in 1928; denied that he had ever manu-

factured or sold liquor; that he procured the liquor found on the premises by purchasing it from one of his customers, named Logan, whom he had known for several years; that Logan was willing to sell the liquor cheaply because he (Logan) needed money; that he and his family were living with his mother-in-law at 525 Chester street, Brooklyn, N. Y., but occasionally he slept in the bedroom in the rear of the laundry in which the liquor was found; that he had never been convicted of any crime, or arrested or charged with any crime.

The defendant's wife, Rose Solomon, corroborated her husband's testimony in every respect.

There was no evidence of any kind that the defendant manufactured for sale, or sold any alcoholic beverage to the arresting officer, or to any other person. And the presence of liquor in a bedroom and kitchen at the rear of the laundry does not bring the defendant under section 3, subdivision 28, of the Alcoholic Beverage Control Law, reading as follows:

" 28. ' Sale ' means any transfer, exchange or barter in any manner or by any means whatsoever for a consideration, and includes and means all sales made by any person, whether principal, proprietor, agent, servant or employee of any alcoholic beverage and/or a warehouse receipt pertaining thereto. ' To sell ' includes to solicit or receive an order for, to keep or expose for sale, and to keep with intent to sell and shall include the delivery of any alcoholic beverage in the State."

No proof was here of any violation of any of the provisions or prescriptions of the enactment quoted.

The judgment of conviction should be reversed, the information dismissed, and the fine remitted.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Judgment unanimously reversed, the information dismissed and the fine remitted.